UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GORDON,

    Petitioner,

vs.                                              Civil Case No. 12-15562
                                         Criminal Case No. 92-81127-33

LINDA SANDERS,                              HON. AVERN COHN

    Respondent.
_____/

## ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241

I.

This is a case under 28 U.S.C. § 2241. Before the Court is John Gordon's petition for a writ of habeas corpus. For the reasons that follow, the petition will be dismissed.

II.

In 1995, Gordon was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96- 1492 /1512 /1533 /1534 /1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. United States v. Gordon, No. 99-6910.

Gordon then filed a motion to vacate his sentence under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel. See Doc. 1765 in United States v. Gordon, 92-81127-33. The Court denied the motion and a certificate of appealability. See Docs. 1773, 1792 in case no. 92-81127-33. The Sixth Circuit also denied a certificate of appealability. See Gordon v. United States, No. 01-1503 (6th Cir. Dec. 14, 2001).

Thereafter, Gordon filed several motions challenging his conviction and sentence in

his criminal case. None of them were successful.

The Sixth Circuit has also repeatedly denied Gordon authorization to challenge his conviction and sentence. Notably, in August 2012, the Sixth Circuit denied him permission to file a successive motion under § 2255. See In re: John Gordon, No. 11-2182 (6th Cir. July 30, 2012). Then, on March 29, 2013, the Sixth Circuit again denied him permission to file a motion under § 2255. In re: John Gordon, No. 12-1791 (6th Cir. Mar. 29, 2013).

On December 19, 2012, Gordon filed the instant petition under § 2241. The case was later assigned to the undersigned as a companion to Gordon's criminal case. (Doc. 15).

III.

The Court must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; Alexander v. Northern Bureau of Prisons, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relied." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Gordon's petition under a more lenient standard because he is not represented by an attorney. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Burton v. Jones, 321 F.3d 569, 573 (6th Cir.2003). Having reviewed the petition, it must be denied because Gordon cannot pursue his claims in a habeas proceeding under § 2241.

IV.

In his § 2241 petition, Gordon again collaterally challenges his conviction, presenting the same arguments considered and rejected in his first § 2255 motion and subsequent motions. Chief among his claims is his continued argument that the indictment was defective.

2

Gordon is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241.  United States v. Jalili, 925 F.2d 889, 894 (6th Cir. 1999).  Instead, he presents arguments as to the propriety of his conviction.  However, § 2241 is not the mechanism for asserting such a challenge:  28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, Terrell v. United States, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing."  Eaves v. United States, 2010 WL 3283018, at *6 (E.D. Tenn. Aug.17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention.  Importantly, the remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner presented a claim in a § 2255 motion but was denied relief on the claim.  Charles v. Chandler, 180 F.3d 753, 756–758 (6th Cir. 1999).  The only circumstance where a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court reinterprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute.  Martin v. Perez, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); Lott v. Davis, 105 F. App'x 13, 14–15 (6th Cir. 2004).  This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 and was denied relief.  Charles, 180 F.3d at 756

3

(6th Cir. 1999); United States v. Prevatte, 300 F.3d 792, 800 (7th Cir. 2002).

Gordon's claims do not fall within this exception. Gordon says he is "innocent" and therefore can invoke § 2241. The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir. 2003); Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence, however, requires factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. at 623–24; Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998). Thus, Gordon's allegation that he is "innocent" because of alleged defects in the indictment and other alleged trial errors, is not the type of innocence required to justify § 2241 relief. Moreover, he has not shown an intervening change in the law which, if applied retroactively, would justify habeas relief.

Overall, Gordon has therefore failed to demonstrate that he is entitled to relief from his conviction and sentence under § 2241. The petition is DISMISSED.

SO ORDERED.

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 10, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami  
Case Manager, (313) 234-5160