UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GORDON,

    Petitioner,

vs.                                        Civil Case No. 12-15562
                                           Criminal Case No. 92-81127-33

LINDA SANDERS,                                      HON. AVERN COHN

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING WRIT OF MANDAMUS UNDER 28 U.S.C.§ 1361 AND 28 U.S.C. § 144**
**(Doc. 21)**

I.

This is a case under 28 U.S.C. § 2241. On May 10, 2013, the Court dismissed the petition for lack of merit. (Doc. 17). Now before the Court is Petitioner John Gordon's "Writ of Mandamus under 28 U.S.C. § 1361 and 28 U.S.C. § 144." From what can be gleaned, Gordon seeks mandamus compelling the Court to rule on the merits of his § 2241 motion and also moves for disqualification of the undersigned. For the reasons that follow, the motion will be denied.

Also before the Court is a Motion Amend or Make Additional Factual Findings Pursuant to Fed. R. Civ. P. 52(b) and Rule 56(c) in which Gordon appears to outline his reasons for seeking disqualification of the undersigned and/or to support a complaint of judicial misconduct. The motion is construed as a supplemental filing, not a motion, and its contents will be considered. Gordon has also filed a motion to stay the motion to amend pending disposition of the writ of mandamus. Given that the Court is denying mandamus relief, this motion is MOOT. Thus, this order resolves all pending motions.

See Docs. 20, 21, and 22.

II.

Gordon has a long history of challenging his convictions.  In 1995, Gordon was convicted by a jury on various drug and continuing criminal enterprise charges.  He was sentenced in 1996 to two concurrent terms of life imprisonment.  The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal.  United States v. Polk, et al., Nos. 96- 1492 /1512 /1533 /1534 /1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished).  The Supreme Court denied certiorari.  United States v. Gordon, No. 99-6910.

Gordon then filed a motion to vacate his sentence under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel.  See Doc. 1765 in United States v. Gordon, 92-81127-33.  The Court denied the motion and a certificate of appealability.  See Docs. 1773, 1792 in case no. 92-81127-33.  The Sixth Circuit also denied a certificate of appealability.  See Gordon v. United States, No. 01-1503 (6th Cir. Dec. 14, 2001).

Thereafter, Gordon filed several motions challenging his conviction and sentence in his criminal case.  None of them were successful.

The Sixth Circuit has also repeatedly denied Gordon authorization to challenge his conviction and sentence.  Notably, in August 2012, the Sixth Circuit denied him permission to file a successive motion under § 2255.  See In re: John Gordon, No. 11-2182 (6th Cir. July 30, 2012).  Then, on March 29, 2013, the Sixth Circuit again denied him permission to file a motion under § 2255.  In re: John Gordon, No. 12-1791 (6th Cir. Mar. 29, 2013).

On December 19, 2012, Gordon filed a petition under § 2241. The case was later assigned to the undersigned as a companion to Gordon's criminal case. (Doc. 15).[1] On May 10, 2013, the Court dismissed the petition on the grounds that Gordon failed to establish he was entitled to relief under § 2241. (Doc. 17).

On June 11, 2013, Gordon filed the instant paper seeking a writ of mandamus.

### III.

### A.

The federal mandamus statute, 28 U.S.C. § 1361, confers jurisdiction on the federal court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." Gresham v. Correctional Med. Servs., Inc., 650 F.3d 628, 630 (6th Cir.2011) (internal quotation marks and citation omitted). Mandamus relief "is usually reserved for 'questions of unusual importance necessary to the economical and efficient administration of justice,' or 'important issues of first impression.'" In re Powerhouse Licensing, LLC, 441 F.3d 467, 471 (6th Cir.2006). "Thus, only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." In re McNulty, 597 F.3d 344, 349 (6th Cir.2010) (internal quotation marks and citation omitted). "And, because mandamus is a discretionary remedy, a Court may decline to issue the writ if it finds that it would not be 'appropriate under the circumstances' even if

---

[1] Even though the case was reassigned to the undersigned, Gordon continues to list the district judge to whom the case was originally assigned on his papers.

3

the petitioner has shown that he is 'clear[ly] and indisputabl[y]' entitled to it." Id. Importantly, "Plaintiff may not use[ ] mandamus ... to avoid the requirements for seeking appellate review of the judgments entered ... or as a substitute for pursuing the limited remedy available under Rule 60(b) for seeking relief from a judgment." Adkins v. Crow, 2011 WL 1335833, at *1 (D.Kan. Apr.6, 2011) (noting also that the Circuit Court would be the appropriate court for seeking mandamus relief to compel action in a district court case), aff'd, 432 Fed. Appx. 748 (10th Cir.2011), cert. denied, ––– U.S. ––––, 132 S.Ct. 592, 181 L.Ed.2d 435 (2011).

B.

Gordon has not established that he is entitled to mandamus relief. Rather, he disagrees with the Court's decision to dismiss his § 2241 petition. That is not sufficient to warrant mandamus relief. The balance of the mandamus petition is directed at Gordon's request that the undersigned be disqualified, which is addressed below.

IV.

First, to obtain recusal under Section 144, a litigant must submit, along with his motion, an affidavit stating "the facts and the reasons for [his] belief that bias or prejudice exists." 28 U.S.C. § 144. Upon the filing of a "timely and sufficient affidavit," section 144 mandates that the assigned "judge shall proceed no further, but another judge shall be assigned to hear such proceeding." Id.; see also Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co., 380 F.2d 570, 576 (D.C. Cir. 1967) ("The disqualification statute, 28 U.S.C. § 144, is mandatory and automatic, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge."). "Importantly, the mere fact that a party has filed a § 144 motion, accompanied

4

by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification." Robertson v. Cartinhour, 691 F. Supp. 2d 65, 77 (D.D.C.2010); see also United States v. Miller, 355 F. Supp. 2d 404, 405 (D.D.C.2005) ("disqualification is not automatic upon submission of affidavit and certificate"). Rather, recusal is required only upon the filing of a "timely and sufficient affidavit" alleging personal bias or prejudice of the judge. 28 U.S.C. § 144.

Here, Gordon has not filed an affidavit that sets forth "the facts and the reasons for [his] belief that bias or prejudice [of the undersigned] exists." However, liberally construing Gordon's filings, including the motion to amend, as an affidavit, Gordon has not set forth any substantive statements regarding bias or prejudice by the undersigned. At best, Gordon says the undersigned is biased because he dismissed his § 2241 petition and has otherwise denied his prior requests for collateral review. That does not satisfy the requirements under section 144.

Moreover, section 455(a) provides, in pertinent part, that a federal judge "shall disqualify himself in any proceeding where his impartiality might reasonably questioned." Importantly, the law is well-established that adverse judicial decisions can form the basis for recusal only in the most extraordinary circumstances. See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Grinnell Corp., 384 U.S. 563, (1966). Gordon has not alleged any improprieties by the undersigned, nor submitted any evidence of alleged bias by the undersigned against Gordon. As explained in the order of dismissal, Gordon simply failed to show that he is entitled to relief under § 2241.

5

Overall, the Court concludes that a reasonable, objective person would not question: (a) the Court's order of dismissal, or (b) the undersigned's impartiality in this matter.  Accordingly, Gordon's request for mandamus and for recusal is DENIED.

SO ORDERED.

                          S/Avern Cohn
                          AVERN COHN
                          UNITED STATES DISTRICT JUDGE

Dated:  September 12, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 12, 2013, by electronic and/or ordinary mail.

                          S/Sakne Chami
                          Case Manager, (313) 234-5160