UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GORDON,

    Petitioner,

vs.                                                                   Civil Case No. 12-15562
                                                                 Criminal Case No. 92-81127-33

LINDA SANDERS,                                                  HON. AVERN COHN

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING MOTION TO ALTER OR AMEND (Doc. 24)**

I.

This is a case under 28 U.S.C. § 2241. On May 10, 2013, the Court dismissed the petition for lack of merit. (Doc. 17). Gordon then filed a "Writ of Mandamus under 28 U.S.C. § 1361 and 28 U.S.C. § 144" in which Gordon sought mandamus compelling the Court to rule on the merits of his § 2241 motion and also moved for disqualification of the undersigned. (Doc. 21). The Court denied the motion. (Doc. 23).

Before the Court is Gordon's motion to alter or amend under Fed. R. Civ. P. 59(e). The motion is DENIED. The reasons follow.

II.

Gordon has a long history of challenging his convictions. As explained in the Court's most recent order denying him mandamus relief:

> In 1995, Gordon was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96-1492 /1512 /1533 /1534 /1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. United States v. Gordon,

No. 99-6910.

Gordon then filed a motion to vacate his sentence under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel.  See Doc. 1765 in United States v. Gordon, 92-81127-33.  The Court denied the motion and a certificate of appealability.  See Docs. 1773, 1792 in case no. 92-81127-33.  The Sixth Circuit also denied a certificate of appealability.  See Gordon v. United States, No. 01-1503 (6th Cir. Dec. 14, 2001).

Thereafter, Gordon filed several motions challenging his conviction and sentence in his criminal case.  None of them were successful.

The Sixth Circuit has also repeatedly denied Gordon authorization to challenge his conviction and sentence.  Notably, in August 2012, the Sixth Circuit denied him permission to file a successive motion under § 2255.  See In re: John Gordon, No. 11-2182 (6th Cir. July 30, 2012).  Then, on March 29, 2013, the Sixth Circuit again denied him permission to file a motion under § 2255.  In re: John Gordon, No. 12-1791 (6th Cir. Mar. 29, 2013).

On December 19, 2012, Gordon filed a petition under § 2241.  The case was later assigned to the undersigned as a companion to Gordon's criminal case.  (Doc. 15).[1]  On May 10, 2013, the Court dismissed the petition on the grounds that Gordon failed to establish he was entitled to relief under § 2241.  (Doc. 17).

(Doc. 23 at p. 2-3).

III.

The Court construes Gordon's motion as a motion for reconsideration under E.D. Mich LR 7.1(g),[2] which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by

---

[1]Even though the case was reassigned to the undersigned, Gordon continues to list the district judge to whom the case was originally assigned on his papers.

[2]Fed. R. Civ. P. 59(e) pertains to motions to alter or amend a judgment.  Because Gordon is asking the Court to reconsider its reasons for dismissing his § 2241 petition, the motion is more properly brought as a motion for reconsideration.  In any event, Gordon is not entitled to relief under Rule 59(e) because he has not shown any clear error of law, newly discovered evidence, or manifest injustice which would require the Court to grant the motion.

which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Gordon has not satisfied this standard.[3]  Gordon's main objection appears to be the dismissal of his petition before an answer was filed.[4]  As explained in the order of dismissal, the Court may dismiss a § 2241 petition before an answer is filed if it is clear that no relief is available.  Gordon's petition plainly did not present any arguments which would be grounds for relief under § 2241.

SO ORDERED.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2013

Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
Case Manager, (313) 234-5160

---

[3] The Court also notes the motion is untimely as it was not filed within 14 days after the Court's dismissal order.  See E.D. Mich. LR 7.1(h)(1).

[4] Gordon makes much of the fact that the docket sheet shows an entry of an order directing a response to the petition, entered by a magistrate judge.  (Doc. 10).  While a magistrate directed a response, that does not mean the petition had merit or that the Court was precluded from dismissing the petition before a response was filed.